UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-867-JDT-TAB |
| ) | |
| KEVIN T. WATTS, INC. d/b/a THE ) | |
| BENEFITS NETWORK, and KEVIN T. ) | |
| WATTS, an individual, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON COMPETING MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 49, 60 & 69) AND OTHER PENDING MOTIONS (DOC. NOS. 62, 67 & 68)**[1]

In an entry dated May 30, 2006, this court granted Plaintiff's Motion for Judgment on the Pleadings.  The court found that Plaintiff, Erie Insurance Exchange ("Erie"), has no duty to defend Defendants in connection with a lawsuit brought against them for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the federal statute which prohibits the unsolicited telefaxing of advertisements.  At the time, Erie represented that its motion sought a judgment only on the issue of the duty to defend. Since that time, Erie has filed a motion seeking summary judgment on the issue of indemnity as well.  In addition, there are motions for summary judgment and reconsideration filed by the Defendants and an intervenor, all of which are rooted in a

---

[1] This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

similar contention. This entry will address the competing motions and dispose of all the pending requests for judgment or reconsideration.

The pertinent background facts are set forth in this court's previous entry (Document #59), including a discussion of the relevant provisions from the insurance policies at issue. The court will not bother to set them out again here, as the real issue now is simply whether there can be a duty to indemnify if, as a matter of law, there has been a determination that there is no duty to defend. That is the basis which Erie now asserts for granting its summary judgment motion and the correlative to the contentions of the Defendants and intervenor in their motions.

On a motion for summary judgment, the moving party bears the initial responsibility of coming forward and identifying those portions of the record which it believes demonstrates the absence of any genuine issue of material fact. *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322-23 (1986). Where the moving party meets its initial burden of supporting the motion, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Here, Erie has identified the court's earlier decision on the issue of the duty to defend and argues that as a matter of law the duty to defend is broader than the duty to indemnify and therefore it should prevail because without a duty to defend it could have no duty to indemnify. In short, Erie is correct.

In Indiana, as it is in nearly all jurisdictions, the duty to defend is broader than the duty to indemnify. *Transamerica Ins. Servs. v. Kopko,* 570 N.E.2d 1283, 1285 (Ind.

1991).  An insurer can not be required to indemnify if it has no duty to defend.  *See Hous. Auth. Risk Retention Group, Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 603 (7th Cir. 2004); *Ill. Farmers Ins. Co. v. Wiegand,* 808 N.E.2d 180, 184 (Ind. Ct. App. 2004). Defendants do not quarrel with this conclusion.  Rather, along with Gold Seal Termite and Pest Control Company ("Gold Seal"), the intervening plaintiff from the underlying action,[2] they respond by questioning this court's earlier determination on the issue of their duty to defend.

The court will not rehash all those same issues now.  However, at the core of the challenge to the court's earlier ruling is the contention that the decision in *Valley Forge Insurance Co. v. Swiderski Electronics, Inc.*, — N.E.2d —, 2006 WL 3491675 (Ill. Nov. 30, 2006), serves to undermine this court's reliance on the analysis in *American States Insurance Co. v. Capital Associates of Jackson County, Inc.*, 392 F.3d 939 (7th Cir. 2004).

In *American States* the Seventh Circuit was faced with a similar issue regarding the applicability of the advertising injury provisions of general commercial liability policies to claims of "fax blasting" in violation of 47 U.S.C. § 227.  Judge Easterbrook discussed, among other things, the meaning of the word "privacy" as used in policy provisions defining advertising injury as publication of material that violates a person's right of privacy.  *American States*, 392 F.3d at 941-42.  He opined that the "privacy"

---

[2] In a settlement reached in the underlying class action litigation, the lead plaintiff, Gold Seal, has been assigned the rights of the Defendant, The Benefits Network, to any policy proceeds under the Erie insurance policies, thereby shortening the route for Gold Seal to the cash penalties and attorney fees it seeks.

being referred to in those provisions was privacy related to secrecy concerns, not seclusion interests.  *Id.*  His analysis is apropos here as well, especially in light of the fact that historically insurance coverage for advertising injury has been content driven. That is to say, the coverage was created as a result of the need for potential insureds to protect themselves if the content of their advertising was determined to be libelous or caused unintentional injury to others.  However, in the underlying case the content of the advertising is irrelevant.  It is the method of delivering the advertisement, not the content, that violated the federal statute and caused the damages.

The Defendants and Gold Seal argue that Judge Easterbrook got it wrong, at least from the standpoint of Illinois law.  Indeed, in *Valley Forge* the Illinois Supreme Court has said that those federal court decisions that have ruled in favor of the insurers in similar TCPA coverage disputes do not reflect the law in Illinois.  *Swiderski Elecs.*, 2006 WL 3491675, at *9-12.  The court noted the division in federal district and appellate court decisions, including the earlier decision of this court in the case at bar, and chose to go with what it described as the decision reached by the majority of courts.[3]  *Id*. at *11.  Because the opinion in *American States* was an incorrect interpretation of Illinois law, Defendants and Gold Seal claim no deference should be given to it and this court should adopt the majority position.

---

[3] In addition to the Seventh Circuit decision in *American States*, courts which have concluded, as this court does, that coverage should not apply include *Resource Bankshares Corp. v. St. Paul Mercury Insurance Co.*, 407 F.3d 631 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 568 (U.S. Oct. 31, 2005), *Melrose Hotel Co. v. St. Paul Fire & Marine Insurance Co.*, 432 F. Supp. 2d 488 (E.D. Pa. 2006), and *St. Paul Fire & Marine Ins. Co. v. Brunswick Corp.*, 405 F. Supp. 2d 890 (N.D. Ill. 2005).

If this court were applying Illinois law, the argument made by Gold Seal and the Defendants might have some merit. However, Judge Easterbrook's analysis was not tapped by this court because it was seen as an accurate prediction of how the Illinois Supreme Court might rule. Indiana law is what is applicable here. And, while the law of the two states is often similar, this court's previous reliance on *American States* was for its general analytical guidance with respect to the interpretation of the policy provisions, not for guidance specific to the application of those provisions in a particular state.

What is more important to remember here is that the Indiana Supreme Court has said that in cases like this, where a policy contains an intended or expected damage exclusion or exception, there are times when intent can be inferred as a matter of law. *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1290-91 (Ind. 2006). If the nature and character of the act are such that the intent to cause the harm at issue is undeniable, it is proper to infer intent. *Id.* Indiana law clearly recognizes that an undisputable factual record regarding intentional conduct can negate insurance coverage. *Allstate Ins. Co. v. Herman*, 551 N.E.2d 844, 846 (Ind. 1990). The bottom line in this case is that the Defendants may not have intended to violate federal law (ignorance generally being no excuse anyway) and hoped only to gain business from their telefax targets, but they clearly had every intention that the fax machine on the other end of their telephone calls utilize the owner's ink and paper to print out

advertisements for The Benefits Network.  That is the damage which would invoke coverage, were it not for the fact that it is damage that was expected and intended.[4]

## CONCLUSION

Erie is entitled to summary judgment on its complaint for declaratory judgment because it has neither a duty to defend nor to indemnify the Defendants against the damages alleged in the underlying lawsuit brought by intervenor, Gold Seal.  Erie is also entitled to a final judgment in its favor on the counterclaim brought by Defendants, which sought punitive damages on the basis of bad faith.  Consequently, Defendants' Motion for Summary Judgment (Document #49) is **DENIED**; Defendants' and Intervenor's Motion to Reconsider (Document #67) is **DENIED**; Defendants' and Intervenor's Motion for Additional Briefing[5] (Document #68) is **DENIED**; Defendants' and

---

[4]  This court recognizes that under the circumstances existing in the *Auto-Owners* case, the Indiana Supreme Court ultimately found it improper to infer intent.  However, the question in that case was whether it was proper to infer that an individual intended to injure a decedent who had fallen off a boat ramp after being shoved by that individual.  *Auto-Owners*, 842 N.E.2d at 12-81-82.  The individual who shoved the other person testified that he intended no harm and that he shoved the person only after he was similarly shoved.  *Id*.  In the case at bar, Defendants claim their only intent was to advertise services through the unsolicited telefax.  Noticeably absent is any testimony from the Defendants that they did not intend to have the target fax machines utilize the recipients' supplies to print their message.  Nor could they, for to do so would be tantamount to someone holding a person's head under water for ten minutes and claiming they were only trying to teach the person to hold his breath.  As the court in *Auto-Owners* acknowledged, the results of some actions are so certain as to be capable of inference from the action itself.

[5]  While the court denied the motion seeking additional briefing, it appears that the motion was just a part of the overall attempt of Gold Seal and the Defendants to have this court reconsider its earlier ruling in light of the new Illinois Supreme Court case, *Swiderski Electronics*.  The court reviewed the briefs submitted by Gold Seal and Defendants with their motions seeking reconsideration and for judgment in their favor which discussed that case and the related issues in detail.  Further briefing would be of no assistance.

Intervenor's Cross Motion for Summary Judgment (Document #69) is **DENIED**;

Plaintiff's Motion for Summary Judgment (Document #60) is **GRANTED**; and, Plaintiff's Motion for Final Judgment on Bad Faith Claim and Prayer for Punitive Damages (Document # 62) is **GRANTED**.

A separate entry of final judgment in favor of Erie will follow.

ALL OF WHICH IS ENTERED this 19th day of December 2006.

                                                    John Daniel Tinder, Judge
                                                   United States District Court

Copies to:

Magistrate Judge Tim A. Baker

Bryce H. Bennett Jr.
RILEY BENNETT & EGLOFF LLP
bbennett@rbelaw.com

Michael John Duffy
TRESSLER SODERSTROM MALONEY
& PRIESS
mduffy@tsmp.com

Phil L. Isenbarger
BINGHAM MCHALE, LLP
pisenbarger@binghammchale.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Anna E. Muehling
BINGHAM MCHALE
amuehling@binghammchale.com

Eric S. Pavlack
COHEN & MALAD LLP
epavlack@cohenandmalad.com

Todd Stewart Schenk
TRESSLER SODERSTROM MALONEY
& PRIESS
tschenk@tsmp.com

James P. Strenski
BINGHAM MCHALE LLP
jstrenski@binghammchale.com

Kathleen Ann Sweitzer
TRESSLER SODERSTROM MALONEY
& PRIESS
ksweitzer@tsmp.com

Laura Kay Taylor
RILEY BENNETT & EGLOFF LLP
ltaylor@rbelaw.com